IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN BABISH, )  | |
|         Plaintiff, ) | |
|   v.                ) | 2:07-cv-1539 |
|                   ) | |
| SEDGWICK CLAIMS MANAGEMENT ) | |
| SERVICES, INC., and PNC FINANCIAL ) | |
| SERVICES GROUP, INC., ) | |
|                   ) | |
|        Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is PLAINTIFF ALAN BABISH'S MOTION FOR ATTORNEYS' FEES AND COSTS (*Document No. 49*). Defendants filed a response in opposition *(Document No. 51)*. Babish also submitted a memorandum of law, supporting affidavits and exhibits and a reply brief (Document Nos. *50, 52*).

Factual and Procedural Background

This has not been a typical ERISA case in which the parties filed cross-motions for summary judgment based on an administrative record. To the contrary, throughout the course of this litigation, the parties vigorously disputed the scope of permissible discovery and Plaintiff's counsel engaged in numerous unsuccessful efforts to expand the administrative record. After extensive discussion, the parties and the Court reached an understanding that Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") would conduct a second review of the administrative claim file, as supplemented, and that there would be no further discovery. It was clearly understood that the parties would be bound by the supplemented administrative record. On May 19, 2008, the Court entered a Consent Order (Document No. 13) and the case was stayed for 90 days to permit this review. After Defendants again denied his claim, Plaintiff renewed his evidentiary disputes. On October 9, 2008, the Court denied Plaintiff's motion for discovery, and commented that it was "contrary to the Court's recollection of the understanding between counsel and the Court." Plaintiff yet again renewed his effort to expand the

administrative record by unilaterally submitting additional exhibits with his summary judgment motion.

The Court's Memorandum Opinion and Order dated March 2, 2009 reiterated that Plaintiff's "effort to further supplement the administrative record is contrary to the May 19 and October 9, 2008 Orders of this Court."  However, the Court agreed with Plaintiff's position as to other evidentiary disputes regarding GAF scores and the Gehlke Declaration.  On the merits, the Court concluded that the denial of Babish's claim for LTD benefits was arbitrary and capricious.  The Court instructed Defendants to calculate and award LTD benefits for the entire 24-month period applicable to Babish's mental disability and to consider his claim for continued LTD benefits thereafter due to his claimed physical impairments.  Plaintiff was authorized to file a petition for counsel fees and expenses.

Plaintiff has submitted a claim for attorneys' fees in the amount of $102,419.50 and expenses of $631.79, plus an additional $5,286.00 for fees incurred to prepare the reply brief.  Defendant contends that approximately two-thirds of the fees now sought by Plaintiffs were a result of "frivolous and superfluous efforts" to expand the administrative record in disregard of this Court's orders.  Defendants also contest the number of hours and hourly billing rates claimed by Plaintiff's counsel.  Defendants contend that Plaintiff's claim for fees and costs should be reduced dramatically or denied in its entirety.

Legal Analysis

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action." 29 U.S.C. § 1132(g)(1).  To guide a district court in the exercise of its discretion in connection with such fee petitions, the United States Court of Appeals for the Third Circuit has established a five-factor test (the "*Ursic* Factors") that must be considered:

(1) the offending party's culpability or bad faith;

>   (2) the ability of the offending party to satisfy an award of attorneys' fees;
>
>   (3) the deterrent effect of an award of attorneys' fees against the offending party;
>
>   (4) the benefit conferred on members of the pension plan as a whole; and
>
>   (5) the relative merits of the parties' positions.

*McPherson v. Employees' Pension Plan of American Re-Insurance Co.*, 33 F.3d 253, 254 (3d Cir. 1994) (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir.1983). There is no presumption that a successful plaintiff in an ERISA suit should receive an award in the absence of exceptional circumstances. *Id.* A district court, when ruling on an ERISA fee petition, should articulate its analysis and conclusions on each of the *Ursic* Factors.

<u>Ursic</u> Factors

    1.    Offending Party's Culpability

In *McPherson*, the Court explained that a party is not culpable merely for taking a litigation position that did not prevail. On the other hand, culpability does not require a showing of bad faith. The Court defined the applicable standard as follows:

> A losing party may be culpable, however, without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is "blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault.... Such conduct normally involves something more than simple negligence.... [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose."

33 F.3d at 256-57 (quoting <u>Black's Law Dictionary</u> (6th ed. 1990)).

This factor weighs in favor of an award of counsel fees. Defendants' decision to deny benefits was arbitrary, capricious and without support. In essence, as the Court observed in its March 2, 2009 Opinion, Defendants ignored the opinions of Babish's treating physicians and instead relied on a cursory, results-oriented review performed by an independent examiner that had "at least two substantial flaws: (1) he entirely failed to analyze whether Babish could perform each of the duties of a Software Engineer III; and (2) he failed to provide any reasoning for

disregarding the consistent medical record regarding Babish's continued inability to concentrate, organize, plan or engage in logical reasoning in a work setting." The second review that Defendants agreed to perform was largely illusory, as they did not analyze the impact of the supplemental evidence submitted by Babish (and particularly, the opinion of Dr. Teuter). *See Addis v. Ltd. Long-Term Disability Program*, 2006 WL 2387087 at *1 (E.D. Pa. Aug.3, 2006) (ERISA defendant culpable for relying on non-treating physician and discounting opinion of treating physician); *Music v. Prudential Ins. Co. of America*, 2007 WL 3085606 (M.D. Pa. 2007) (same). The Court rejects Defendants' continued reliance on the comment from Dr. Kant to the effect that Babish "has been doing significantly better." The improvement in Babish's mood that was noted by Dr. Kant in no way establishes that Babish was able to perform all of his job duties as a software engineer. In sum, Defendants' denial of benefits in this case was blameworthy.

    2.      Ability To Pay

The focus of the present inquiry is simply on a party's ability to satisfy an award of counsel fees. Defendants do not contest their ability to pay. The Court finds that this factor weighs in favor of Plaintiff.

    3.      Deterrent Effect

In *McPherson*, the Court of Appeals explained that "it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct." *Id.* at 258. In this case, both sides engaged in conduct that should be deterred. As explained above, Defendants' decision to deny benefits to Babish was arbitrary, capricious, without support and blameworthy. Employees like Babish should not be forced to resort to litigation to obtain the disability benefits to which they are entitled under their LTD insurance policy. On the other hand, Plaintiff's counsel's repeated efforts to take discovery and to expand the record in this case – in derogation of this Court's orders and the parties' agreement – made the litigation substantially longer and more expensive. Such litigation tactics should be deterred. This factor

weighs in favor of Plaintiff as to fees directly related to the merits of the denial of benefits.  This factor weighs in favor of Defendants as to fees related to continued efforts to expand the record.

    4.      Benefit Conferred on Plan Members

The result in this case conferred a significant benefit on plan members.  In particular, the efforts of Plaintiff's counsel have confirmed that plan members have a right to benefits under the policy if they are unable to perform their "own occupation" due to a mental disability.  Defendants are now aware that they may not deny LTD benefits based on a cursory, results-oriented review which failed to analyze whether the employee could perform "each" of his job duties and which failed to provide any reasoning for disregarding the opinions of his treating physicians.  This factor weighs in favor of Plaintiff.

    5.      Relative Merits

The discussion of the relative merits of the parties' positions mirrors the discussion above regarding the deterrent effect.  Defendants' decision to deny benefits to Babish was arbitrary and capricious and without support. The relative merits of that decision strongly favored Plaintiff – as was essential, given the standard of review.  However, as to the repeated efforts to expand the record, the Defendant's position was clearly correct, particularly after the parties agreed to enter into a consent order.  In sum, this factor weighs in favor of Plaintiff as to fees directly related to the merits of the denial of benefits and in favor of Defendants as to fees related to unjustified evidentiary disputes.

Accordingly, upon consideration and application of the *Ursic* factors, the Court finds that Plaintiff is entitled to recover an award of counsel fees and costs relating to the merits of Babish's claim for benefits.  Plaintiff is not entitled to counsel fees and costs relating to the improper effort to take discovery and expand the administrative record.  The Court turns now to the amount of such an award.

Lodestar Calculation Disputes

The Court must determine a reasonable counsel fee for the prevailing party. As a starting point, the lodestar rate is calculated by multiplying a reasonable hourly rate by the reasonable number of hours expended. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Once the lodestar amount has been calculated, a court has discretion to adjust the fee up or down, based on a variety of factors. *United Auto Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 292 (3d Cir. 2007) (discussing factors). The burden to establish reasonableness is on Plaintiff. *Rode,* 892 F.2d at 1183.

    1.    Hourly Rate

A reasonable hourly rate is to be calculated pursuant to the "prevailing market rate" in the "relevant community." This circuit follows the "forum rate rule," in which the relevant community is generally the forum in which the suit was filed. *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703-05 (3d Cir. 2005); *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1187 (3d Cir. 1995). The relevant rate is to be calculated at the time of the fee petition, rather than the rate at the time the services were actually performed. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). The Court must base its decision on the record, rather than a generalized sense of what is customary or proper. *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996). The rate should take into account prevailing counsel's skill and experience, the nature and complexity of the matter at issue, and should be evaluated with reference to the rates charged by comparable practitioners in the community. *Rode*, 892 F.2d at 1183. A reasonable fee is sufficient to attract competent counsel, but does not produce a windfall for the attorneys. *Pub. Interest Research Group*, 51 F.3d at 1185. Routine tasks performed by senior partners at large firms should not be billed at their usual rates. *Ursic*, 719 F.2d at 677 (analogizing that Michaelangelo should not charge Sistine Chapel rates for painting a farmer's barn).

A three-step, burden-shifting framework is followed. First, the prevailing party must

establish a prima facie case by producing sufficient evidence of that which constitutes a reasonable market rate for the essential character and complexity of the services rendered. *Lanni*, 259 F.3d at 149. If a prima facie case has been established, the opposing party then bears the burden of producing record evidence to contest this rate. *Id.* Finally, if the reasonable market rate is in dispute, a hearing must be conducted. *Id.*; *But see Blum v. Witco*, 829 F.2d 367, 377 (3d Cir. 1987) (holding that a hearing is only necessary if needed to decide disputed questions of fact). A hearing is not necessary in this case.

To satisfy the prima facie case requirement, the prevailing party must demonstrate that its requested rates are the prevailing rates in the community. *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir. 1997). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence- *in addition to the attorney's own affidavits* -that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 225 n.2 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (emphasis added in *Smith*). If a party fails to meet its burden to demonstrate a prima facie case that the requested rates were the prevailing rates in the community, "the district court must exercise its discretion in fixing a reasonable hourly rate." *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996).

Plaintiff proposes the following hourly rates:

| | |
|---|---|
| Tybe A. Brett, partner | $425/hour |
| Janice M. Pintar, associate | $270/hour |
| Paralegals/law clerks | $125/hour |

Defendants contend that these rates are unreasonable, that Plaintiff has failed to demonstrate that these are the usual and customary rates charged by counsel and paid by their clients, and that they exceed the rates generally approved in this community.

As an initial matter, Plaintiff's reliance on Judge Gibson's Order in *Sowers v. Freightcar America, Inc.*, Civil Action 07-201, is misplaced. *Sowers* involved a class action and injunctive

relief and was significantly more complex than this case. None of the lawyers in this case participated in *Sowers.* Moreover, the hourly rates in *Sowers* were not disputed because the parties had agreed in their settlement agreement to a lump sum for counsel fees. Similarly, Plaintiff's citation to the Laffey matrix of rates of lawyers in Washington, D.C. is misplaced as the relevant legal market is that of Pittsburgh. The comparison to rates charged by large firms in other parts of the country is also untenable because Plaintiff's counsel do not work in a similar law firm. Experienced local attorneys Timothy O'Brien and James W. Carroll, Jr. opined that Plaintiff's attorneys are accomplished ERISA litigators and that the hourly rates claimed are entirely reasonable. These Declarations are persuasive, but not dispositive. *Lining v. Temporary Personnel Services, Inc.*, 2008 WL 2996871 *5 (W.D. Pa. 2008).

      Defendants, on the other hand, have cited numerous recent cases which involve the applicable community market rate for litigation in this Court. Defendant proposes that the Court use hourly rates of $250, $165 and $90 for partners, associates and paralegals, respectively, based on citations to several recent opinions. *See DirecTV, Inc. v. Figler*, 2008 WL 382758 (W.D. Pa. 2008); *Guy Chemical Co., Inc. v. Romaco AG*, 2007 WL 1276909 (W.D. Pa. 2007); *Leach v. Northwestern Mut. Ins. Co.*, 2006 WL 3333098 (W.D. Pa. 2006). In *Plan Administrator v. Kienast*, 2008 WL 1981637 (W.D. Pa. 2008) (an ERISA case), this Court rejected the hourly rates claimed by the prevailing lawyers in light of affidavits from two experienced and respected attorneys who practice ERISA law in the Pittsburgh legal community. The affidavits demonstrated that an ERISA lawyer with 34 years' experience charged a rate of $195/hour and an ERISA lawyer with 21 years' experience charged a rate of $125/hour. Plaintiff has not presented any evidence that the rates claimed in the fee petition represent the actual and customary rates normally charged to clients. Accordingly, the Court will utilize the hourly rates proposed by Defendants ($250, $165 and $90 for partners, associates and paralegals/law clerks, respectively) for the purpose of calculating the lodestar.

      2.      Hours Expended

District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community*, 426 F.3d at 703 n.5. A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive, redundant or unnecessary. *Id.* at 711. As the hourly rate demanded goes up, there should be a corresponding decrease in the amount of time required to accomplish necessary tasks, due to counsel's experience and expertise. *Ursic*, 719 F.2d at 677. Time that would not be billed to a client cannot be imposed on an adversary. *Windall*, 51 F.3d at 1188. The Court cannot reduce an award sua sponte. Rather, the opposing party must make specific objections. *Interfaith Community*, 426 F.3d at 711. Once the opposing party does so, the burden shifts back to the party seeking fees to justify the size of its request. *Id.*

In this case, Defendants have objected to 192.1 hours of work claimed by Plaintiff, but provided no calculation whatsoever of how they arrived at that figure. Defendants attached a copy of Plaintiff's counsel's Fees Summary to their brief in opposition, but did not point out the specific entries to which they object. Defendants primarily object to work related to the efforts to obtain discovery and expand the administrative record. Defendants also purport to challenge hours that counsel spent working on administrative claims proceedings, pre- and non-litigation matters, and ex parte contacts with the Court.[1] Defendants argue generally that the hours claimed are redundant.

Defendants correctly observe that this is an ERISA case that should not have involved any discovery. Defendants further observe that the Court denied each of Plaintiff's efforts to conduct discovery or to expand the scope of the administrative record. Plaintiff states in his reply brief that "[i]n retrospect, that time was probably unnecessary," although Plaintiff continues to argue that it should be compensable. Plaintiff argues, in the alternative, that Defendants'

---

[1] The Court rejects Defendants' suggestion that improper ex parte contacts occurred. To the contrary, conferences with chambers staff about procedural matters are specifically permitted by the Court's practices and procedures.

9

calculation of 192.1 hours is flawed and attaches a supplemental exhibit which lists the time entries related to discovery and the response to Defendants' motion to strike. Pursuant to the supplemental exhibit, Plaintiff's counsel fees would be reduced by 42.5 hours.

The Court concludes that Plaintiff is not entitled to counsel fees which relate to the improper effort to take discovery and expand the record. After a thorough review of the contemporaneous time entries, Plaintiff's supplemental exhibit appears to be substantially correct as to the time spent on such activities. However, the Court will exclude an additional 0.5 hours for time claimed by attorney Pintar on September 12, 2008, and 4.3 hours spent by attorney Brett on September 19 and 23, 2008, for similar non-compensable tasks. The Court will award all of the adjusted hours claimed by Plaintiff, including the time spent in preparation of the reply brief. Therefore, the total compensable hours are as follows: Brett 143.6 hours; Pintar 71.7 hours; paralegals/law clerks 61.5 hours.

3.   Lodestar Calculation

As a result of Defendants' objections to the fee petition, the Court has reduced Plaintiff's claimed hourly rate and has reduced the claimed hours. Thus, the lodestar calculation will be based on the following hours and rates, which the Court finds to be reasonable:

    Brett:        143.6 hours * $250/hour = $35,900.00

    Pintar:       71.7 hours * $165/hour = $11,830.50

    Others:      61.5 hours * $90/hour = $ 5,535.00

Thus, the lodestar calculation results in a counsel fee award of $53,265.50.

Plaintiff seeks recovery of expenses which total $631.79. Defendants object to $93.28 in costs incurred for messenger, postage and overnight delivery. The Court agrees with Defendants that such expenses are not compensable, *see Matter of Penn Central Transp. Co.*, 630 F.2d 183, 191 (3d Cir. 1980), and will award expenses of $538.51.

4.   Adjustments to Lodestar

The Court concludes that given the entirety of the circumstances of this case, the lodestar

award is reasonable. The work performed by Plaintiffs' attorneys was professional, competent and resulted in a very favorable award on the merits. However, this was a relatively straight-forward ERISA litigation matter which was made substantially more rancorous, time-consuming and expensive due to Plaintiff's counsels' repeated efforts at discovery and expansion of the record. Even after the adjustments set forth above, the fee award remains substantial and will serve the deterrent effect contemplated by the *Ursic* factors.

      An appropriate Order follows.


McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN BABISH, )<br>     Plaintiff, )<br>  v. )<br>           )<br>SEDGWICK CLAIMS MANAGEMENT )<br>SERVICES, INC., and PNC FINANCIAL )<br>SERVICES GROUP, INC., )<br>           )<br>     Defendants. ) | 2:07-cv-1539 |

## ORDER OF COURT

In accordance with the foregoing Memorandum Opinion, PLAINTIFF ALAN BABISH'S MOTION FOR ATTORNEYS' FEES AND COSTS (*Document No. 49*). is **GRANTED IN PART and DENIED IN PART**  Defendants shall pay to Plaintiff reasonable counsel fees in the amount of $53,265.50 and expenses of $538.51.

SO ORDERED this 22nd  day of July, 2009.

                BY THE COURT:

                s/  Terrence F. McVerry
                United States District Court Judge

cc:  All counsel of record (via CM/ECF)