IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN BABISH, | ) | |
|           Plaintiff, | ) | |
| v. | ) | 2:07-cv-1539 |
| | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., and PNC FINANCIAL | ) | |
| SERVICES GROUP, INC., | ) | |
| | ) | |
|           Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court are DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 22, 2009 ORDER CONCERNING PLAINTIFF'S MOTION FOR FEES AND COSTS (*Document No. 54*) and PLAINTIFF ALAN BABISH'S MOTION TO ALTER OR AMEND JUDGMENT REGARDING PLAINTIFF'S MOTION FOR FEES AND COSTS (*Document No. 56*). The motions have been thoroughly briefed *(Document Nos. 55, 57, 58, 59, 60)* and are ripe for disposition.

The factual and procedural background of this ERISA case was set forth at length in the Court's July 22, 2009 Memorandum Opinion and Order regarding Plaintiff's fee petition ("July 22 Opinion") and will not be repeated. Suffice it to say that the litigants on both sides have been contentious and tenacious. The Court ruled on the merits that Defendants' decision to deny Babish's claim for LTD benefits was arbitrary and capricious. Because Babish prevailed on the merits, he was entitled to seek counsel fees and costs. However, the Court also determined that Plaintiff's counsel's repeated efforts to expand the administrative record were unjustified and made the case needlessly lengthy and expensive.

Plaintiff submitted a claim for attorneys' fees in the amount of $102,419.50 and expenses of $631.79, plus an additional $5,286.00 for fees incurred to prepare the reply brief. Defendant contended that the fees sought by Plaintiffs should be dramatically reduced or entirely denied due to the improper efforts to expand the administrative record and contested the number of

hours and hourly billing rates claimed by Plaintiff's counsel. The Court conducted an extensive analysis of the *Ursic* factors (which neither party has challenged in the instant motions) and then performed a lodestar calculation. In determining the applicable local hourly rate, the Court considered the declarations from local counsel submitted by Plaintiff, but also considered the actual hourly rates awarded by this Court in recent cases. In evaluating the number of hours to be credited to Plaintiff's counsel, the Court noted:

> In this case, Defendants have objected to 192.1 hours of work claimed by Plaintiff, but provided no calculation whatsoever of how they arrived at that figure. Defendants attached a copy of Plaintiff's counsel's Fees Summary to their brief in opposition, but did not point out the specific entries to which they object.

Nevertheless, the Court conducted its own examination of the hours claimed by Babish's attorneys. Ultimately, the Court reduced the hourly rate and number of hours claimed by Plaintiff and concluded that Defendants shall pay to Plaintiff reasonable counsel fees in the amount of $53,265.50 and expenses of $538.51.

The instant motions raise two narrow objections to the Court's analysis. Defendants argue that they did file a detailed list of the specific time entries they were challenging. Defendants surmise (correctly) that the highlighted entries on the Fees Summary were not able to be viewed by the Court on the document they filed electronically. Defendants have now submitted a highlighted copy of the Fees Summary in connection with their motion for reconsideration. Plaintiff contends that the Court committed clear legal error by considering Defendants' citation to recent case law to contradict the hourly rates claimed by Babish's attorneys. In the alternative, Plaintiff seeks an evidentiary hearing as to the appropriate hourly rate. The Court will address these issues seriatim.

As an initial matter, the Court notes that motions for reconsideration are not designed to give disgruntled litigants a second bite at the apple. Rather, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

      1.      <u>Defendants' Highlighted Exhibit</u>

Defendants ask the Court to undertake a new examination of Plaintiff's time entries based on the highlighted Fees Summary. There are several flaws with Defendants' request for reconsideration. First, the highlighted version of the exhibit that Defendants now ask the Court to consider is not "new" and has not become "newly available." Rather, Defendants failed to properly bring the information to the Court's attention at the appropriate time. It is the litigants' obligation to properly file their own documents. Defendants presumably did not review the electronically-filed version of their exhibit – because the lack of highlighting would have been immediately apparent – nor did they provide a courtesy copy to the Court. Defendants' error does not justify reconsideration. Second, even if the Court considered the highlighted version of the exhibit, it remains legally insufficient. The exhibit still fails to satisfy Defendants' burden to explain ***why*** each particular entry is objectionable. Third, in any event, consideration of the highlighted exhibit does not change the Court's determination as to the number of hours that are recoverable by Plaintiff. As noted in its July 22 Opinion, the Court performed a thorough review of the time entries and excluded the time that it concluded was not properly recoverable.

In accordance with the foregoing, DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 22, 2009 ORDER CONCERNING PLAINTIFF'S MOTION FOR FEES AND COSTS (*Document No. 54*) is **DENIED**.

      2.      <u>Hourly Rates</u>

Plaintiff contends that the Court should not have considered case law regarding the actual hourly rates that have been awarded by this Court. Instead, Plaintiff contends that the Court must limit itself to the "record evidence" presented by the parties in this case. In the alternative, Plaintiff contends that an evidentiary hearing must be conducted.

As the Court explained at length in its July 22 Opinion, a reasonable hourly rate is to be calculated pursuant to the "prevailing market rate" in the "relevant community," i.e., Pittsburgh,

Pennsylvania. Moreover, the Court recognized its duty to base its decision on the record, rather than a generalized sense of what is customary or proper, citing *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996). The Court's July 22 Opinion squarely addressed whether an evidentiary hearing was needed, as follows:

> [I]f the reasonable market rate is in dispute, a hearing must be conducted. [citing *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001)]; *But see Blum v. Witco*, 829 F.2d 367, 377 (3d Cir. 1987) (holding that a hearing is only necessary if needed to decide disputed questions of fact). A hearing is not necessary in this case.

The Court accepted the declarations from local counsel as to the prevailing market rate but concluded that they were persuasive rather than dispositive. *Lining v. Temporary Personnel Services, Inc.*, 2008 WL 2996871 *5 (W.D. Pa. 2008). The Court found Plaintiff's evidence regarding the rates of large national firms or other markets to be unpersuasive. The Court then considered the merits of Defendants' position that the Court use hourly rates of $250, $165 and $90 for partners, associates and paralegals, respectively, based on citations to several recent opinions. *See DirecTV, Inc. v. Figler*, 2008 WL 382758 (W.D. Pa. 2008); *Guy Chemical Co., Inc. v. Romaco AG*, 2007 WL 1276909 (W.D. Pa. 2007); *Leach v. Northwestern Mut. Ins. Co.*, 2006 WL 3333098 (W.D. Pa. 2006). Finally, the Court discussed *Plan Administrator v. Kienast*, 2008 WL 1981637 (W.D. Pa. 2008), a recent ERISA case in which this Court determined the prevailing market hourly rate.

Plaintiff's argument that the Court should ignore prior judicial decisions as to the applicable prevailing rate, because they do not constitute "record evidence," is rejected. A Court is generally entitled to conduct its own legal research and to take judicial notice of its other decisions, particularly when those decisions are brought to its attention by a litigant. Fed. R. Evid. 201 (c), (d); *See also Scott v. Angelone*, 771 F.Supp. 1064, 1068 (D.Nev.) ("a court may take judicial notice of its own opinions, published or not"), aff'd, 980 F.2d 738 (9th Cir.1991). In *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 709 & n.13 (3d Cir. 2005), the Court of Appeals stated that it would "certainly accord [ ] substantial weight" to the

decisions of judges as to the prevailing billing rate in their community. Indeed, it is eminently sensible to consider the conclusions of other cases that have faced the very same issue.

Plaintiff's complaint regarding consideration of court opinions rings particularly hollow in this case, because Plaintiff cited to and relied heavily on Judge Gibson's Order in *Sowers v. Freightcar America, Inc.*, Civil Action 07-201, as support for the claimed rates. Indeed, the Court's July 22 Opinion explained, at some length, why *Sowers* was distinguishable.[1] It is hypocritical for Plaintiff to complain about the Court's consideration of cases cited by Defendants, at the same time he asked the Court to consider the cases cited by him.

The request for an evidentiary hearing is also denied. Although some decisions of the Court of Appeals appear to be contradictory, the precedential rule is that a hearing need be conducted only if necessary to resolve disputed facts regarding the hourly rate. As the Court of Appeals explained in addressing this precise issue in *Drelles v. Metropolitan Life Ins. Co.*, 90 Fed. Appx. 587, 591 (3d Cir. 2004) (unpublished):

> [R]ecent Third Circuit caselaw holds that an evidentiary hearing is required when the reasonable hourly rate for fees is disputed, and that failure to hold such a hearing is reversible error. *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3rd Cir.1997); *accord Planned Parenthood of Cent. N.J. v. The Attorney Gen. of the State of N.J.*, 297 F.3d 253, n. 5 (3rd Cir.2002); *Lanni v. New Jersey*, 259 F.3d 146, 149 (3rd Cir.2001). A prior case from the Third Circuit, however, holds that "failure to conduct an evidentiary hearing ... is not reversible error.... A hearing must be held only where the court cannot fairly decide disputed questions of fact without it." *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377 (3rd Cir.1987). It is well established that in a conflict between decisions of different panels, the oldest one controls. *E.g., Ryan v. Johnson*, 115 F.3d 193, 198 (3rd Cir.1997). Thus, the District Court's failure to hold a hearing is not automatically reversible error, but rather must be evaluated under *Blum*. In this case, we discern no need for a hearing: the affidavits and briefs speak for themselves, and there is no dispute as to how [the parties] reached their proposed hourly rates.

This case is indistinguishable from *Drelles*. The affidavits and briefs speak for themselves, there are no factual disputes, and it is clear how each side reached its proposed hourly rates.

---

[1] Plaintiff now cites to *Starbird v. Mercy Health Plans, Inc.* (E.D. Mo. June 29, 1999) (approving counsel fees in connection with an uncontested settlement of a class action). At Plaintiff's request, the Court has considered this newly-decided case as well as the affidavits of attorneys Brett and Pintar, but does not change its conclusion.

Accordingly, the Court adheres to its original determination (citing *Blum v. Witco*) that no hearing is necessary.

In accordance with the foregoing, PLAINTIFF ALAN BABISH'S MOTION TO ALTER OR AMEND JUDGMENT REGARDING PLAINTIFF'S MOTION FOR FEES AND COSTS (*Document No. 56*) is **DENIED**.

In conclusion, the Court adheres to its original determination regarding the amount of counsel fees and cost that was appropriate in this case. The Court further notes that under Third Circuit precedent, the final step in the determination of an appropriate award is whether "adjustments" should be made to the lodestar figure. The Court determined in its July 22 Opinion that the lodestar calculation was reasonable, and therefore, it did not make any adjustments. To the extent that any of the arguments set forth by either side would cause the lodestar calculation to be revised, the Court would then be required to re-examine whether adjustments to the new lodestar figure would be required.

SO ORDERED this 2nd day of October, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    All counsel of record (via CM/ECF)